The Honorable Barbara J. Rothstein

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| PHILIP MARTIN, T.F. (NATALIE) TANG, and YATIN KHANNA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BINANCE HOLDINGS, LTD. d/b/a BINANCE, BAM TRADING SERVICES INC. d/b/a BINANCE.US, a Delaware corporation, and CHANGPENG ZHAO,<br><br>Defendants. | Case No. 2:24-cv-1264-BJR<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER OR COMPEL ARBITRATION** |

## I.     INTRODUCTION

This matter is before the Court on a Motion to Transfer Pursuant to the First-to-File Rule or Compel Arbitration, Dkt. No. 67, by Binance Holdings, LTD ("BHL"), BAM Trading Services, Inc. ("BAM"), and Changpeng Zhao (collectively, "Defendants"). Having fully considered the materials and the relevant legal authorities, the Court grants Defendants' motion. The reasoning for the Court's decision follows.

## II. BACKGROUND

This case (the "*Martin* action") is the third in a set of three related putative class actions. *See Martin* Compl., Dkt. No. 1.; *Osterer v. BAM Trading Servs. Inc., et al.*, No. 23-cv-22083 (S.D. Fla. 2023) [hereinafter *Osterer*]; *Kattula v. Coinbase Glob., Inc., et al.*, No. 22-cv-03250 (N.D. Ga. 2022). Plaintiffs in each of the actions allege claims arising from third-party hackers' theft of cryptocurrency from Coinbase, a cryptocurrency exchange and storage platform, and subsequent use of Binance.com, another cryptocurrency exchange and storage platform, to untraceably exchange the stolen assets. By this Motion, Defendants seek to transfer this action to the Southern District of Florida under the first-to-file rule, or in the alternative, to compel arbitration. Defendants' first-to-file argument is premised on similarities between this action and the earlier-filed *Osterer* action. The procedural histories of the relevant actions are discussed below.

### A. The *Osterer* Action

In 2023, Michael Osterer initiated a putative class action against BHL and BAM, alleging claims for (1) conversion, (2) aiding and abetting conversion, and (3) unjust enrichment. *Osterer* Compl., Dkt. No. 1. BHL and BAM moved to compel arbitration, or in the alternative, dismiss the complaint for failure to state a claim and lack of personal jurisdiction. *Osterer* Mot. to Compel Arb., Dkt. No. 49. Osterer moved for leave to amend the complaint to add Zhao as a defendant and Philip Martin, T.F. Tang, and Yatin Khanna as named plaintiffs. *Osterer* Mot. for Leave to Amend at 1, Dkt. No. 62. Osterer also sought to add a single claim for violations of the Racketeer Influenced and Corrupt Organizations Act. ("RICO").[1] *Id.* In July 2024, the district court granted BHL and

---

[1] 18 U.S.C. § 1962(c)-(d).

BAM's motion to compel arbitration, stayed the district court proceedings, and denied as moot Osterer's motion for leave to amend the complaint. *Osterer* Arb. Or. at 11, Dkt. No. 71.

### B. The *Martin* Action

The month after the *Osterer* court granted BHL and BAM's motion to compel arbitration, the three proposed plaintiffs that Osterer sought to add by amendment—Martin, Tang, and Khanna (collectively, "Plaintiffs")—filed the instant action in this Court. *Martin* Compl. Defendants in this action include BHL and BAM, the same defendants from the *Osterer* action, and Zhao, the proposed defendant that Osterer sought to add to the *Osterer* action by amendment. *Id.* Plaintiffs allege claims for (1) RICO violations, (2) conversion, and (3) aiding and abetting conversion. *Id.*

### III.     LEGAL STANDARD

The first-to-file rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). The purpose of the first-to-file rule is to promote efficiency and to avoid duplicative litigation, and thus, the doctrine "should not be disregarded lightly." *Church of Scientology of California v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled in part on other grounds by Animal Leg. Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016). Under the first-to-file rule, a district court may transfer, stay, or dismiss the second action if it determines that it would be in the interest of judicial economy and convenience of the parties. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991); *Pacesetter,* 678 F.2d at 95.

## IV.     DISCUSSION

There are two issues before this Court: (1) the applicability of the first-to-file rule and (2) whether transferring this matter to the Southern District of Florida is appropriate. The Court addresses each argument in turn.

### A. The Threshold Factors of The First-to-File Rule Weigh in Favor of Application

Courts analyze three factors in determining whether to apply the first-to-file rule: (1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues. *Alltrade*, 946 F.2d at 625. In this case, all three factors weigh in favor of applying the first-to-file rule.

#### 1.     The *Osterer* Action Was Filed Before this Action

First, it is undisputed that *Osterer* was filed in the Southern District of Florida in June 2023, more than a year before the instant action. *Compare Osterer* Compl., *with Martin* Compl. Accordingly, the chronology of the actions weighs in favor of applying the first-to-file rule. *See Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013) (finding the chronology factor satisfied where the second action was filed more than three weeks after the first action).

#### 2.     The Parties Are "Substantially Similar"

Regarding the second factor, "the first-to-file rule requires only substantial similarity of parties." *Kohn L. Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). When assessing the similarity of plaintiffs in the class action context, "a court should compare the putative classes, rather than the named plaintiffs, to determine whether the classes encompass at least some of the same individuals." *Edmonds v. Amazon.com, Inc.*, No. C19-1613, 2020 WL 5815745, at *4 (W.D. Wash. Sept. 30, 2020); *see also Bewley v. CVS Health Corp.*, No. C17-802, 2017 WL 5158443, at *2 (W.D. Wash. Nov. 7, 2017).

Here, the putative classes in *Osterer* and this action are effectively identical. The putative class in *Osterer* includes "[a]ll persons or entities in the United States within the applicable statute of limitations period through class certification who had their stolen cryptocurrency deposited in a Binance account." *Osterer* Compl. ¶ 85. The putative class in this action includes:

> [a]ll persons or entities in the United States whose cryptocurrency was removed from a non-Binance/BAM digital wallet, account, or protocol as a result of a hack, ransomware, or theft and, between August 16, 2020 and the date of Judgment (the "Class Period"), transferred to a Binance.com account, and who have not recovered all of their cryptocurrency that was transferred to Binance.com (the "Class").

*Martin* Compl. ¶ 202. Although the two Complaints describe the proposed classes in slightly different terms, both encompass the same proposed class of individuals whose cryptocurrency was stolen and transferred to a Binance.com account during the relevant period. Therefore, this Court concludes that the classes of plaintiffs are sufficiently similar to warrant application of the first-to-file rule. *See Edmonds*, 2020 WL 5815745, at *4.

As to the similarity of the defendants, the instant action includes the same two defendants as in *Osterer* —BHL and BAM—but adds Zhao. *Compare Osterer* Compl., *with Martin* Compl. However, even with Zhao added as a defendant, the parties in the two actions are substantially similar.[2] *See Kohn*, 787 F.3d at 1240 ("We conclude that the omission of [a defendant] from the present action does not defeat application of the first-to-file rule."); *Bewley*, 2017 WL 5158443, at *2 ("The presence of one additional defendant . . . does not change the fact that the parties on the whole are substantially similar.").

**3.     The Issues Are "Substantially Similar"**

---

[2] The Court notes that Zhao was the defendant that would have added in the *Osterer* action if the motion for leave to amend were granted. *Osterer* Mot. for Leave to Amend at 1.

ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER OR COMPEL ARBITRATION

- 5

As with the "similarity of the parties" factor, the third factor requires only that the issues presented in the relevant actions are "substantially similar." *Kohn*, 787 F.3d at 1240-41. When analyzing whether issues are substantially similar for purposes of the first-to-file rule, district courts in the Ninth Circuit consider if the common facts, taken together, would lead to the same central question between the cases. *See, e.g.*, *Booker v. Am. Honda Motor Co.*, No. 2:20-CV-5166, 2020 WL 7263538, at *3 (C.D. Cal. Oct. 20, 2020); *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1149 (E.D. Cal. 2010).

Plaintiffs argue that the issues in this action are dissimilar from those in *Osterer*, because unlike in *Osterer*, the Complaint here (1) does not allege unjust enrichment, and (2) adds a RICO claim. Pls.' Resp. at 5, Dkt. No. 70. The Court is unpersuaded. Plaintiffs' attempts to distinguish this case from *Osterer* do not change the fact that the two cases arise from the same factual predicate and concern the same central issue. *See Bates-Ferreira v. Swedish Match N.A., LLC*, No. 2:24-CV-987, 2025 WL 950506, at *4 (E.D. Cal. Mar. 28, 2025) ("Even if a plaintiff presents alternative theories compared to another pending action, it does not necessarily prevent the application of the first-to-file rule because common facts may give rise to a central issue between the cases."). Indeed, the *Osterer* Complaint and *Martin* Complaint contain numerous identical or nearly identical allegations. *Compare, e.g.*, *Osterer* Compl. ¶ 99 ("Defendants ignored their own internal policies and procedures and knowingly maintained inadequate KYC and AML policies which enabled cryptocurrency hackers and thieves to launder cryptocurrency through the Binance ecosystem without providing valid or sufficient personal identification and proof of lawful possession of the cryptocurrency."), *with Martin* Compl. ¶ 254 ("Defendants ignored the law and knowingly maintained inadequate KYC and AML policies which enable cryptocurrency hackers and thieves to launder cryptocurrency through the Binance.com ecosystem without providing valid

ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER OR COMPEL ARBITRATION

- 6

or sufficient personal identification and proof of lawful possession of the cryptocurrency."). It is apparent from comparing the factual allegations in the two Complaints that the central issue in both cases is whether the relevant defendants may be held responsible for acting in a manner that enabled hackers to launder cryptocurrency through Binance.com. *Compare Osterer* Compl., *with Martin* Compl. Accordingly, the third and final factor weighs in favor of applying the first-to-file rule.

### B. Transfer to the Southern District of Florida is Appropriate

Because the threshold requirements of the first-to-file rule are satisfied, this Court next considers whether transfer of this action to the Southern District of Florida is appropriate given relevant statutory requirements and considerations of fairness and convenience.

#### 1. This Action "Might Have Been Brought" in the Southern District of Florida

Under the first-to-file rule an action may be transferred to a district "where it might have been brought." *In re Bozic*, 888 F.3d 1048, 1053 (9th Cir. 2018) (quoting 28 U.S.C. § 1404(a)). Here, Plaintiffs allege a federal RICO claim. *Martin* Compl. ¶¶ 211-32. Therefore, the Southern District of Florida can exercise subject matter jurisdiction. 28 U.S.C. § 1331. Additionally, venue is proper in the Southern District of Florida because BAM resides there while BHL and Zhao are foreign defendants. *Id.* § 1391(b)-(c); *Martin* Compl. ¶¶ 23-24.

Regarding personal jurisdiction, Plaintiffs argue that this action cannot be transferred to the Southern District of Florida because that court lacks personal jurisdiction over Plaintiffs. Pls.' Resp. at 5-6. Plaintiffs assert that they are not citizens of Florida and have not purposefully availed themselves of any privileges in Florida by contracting there. *Id.* at 6. This argument is without merit. In transferring a case, "there is no due-process concern, at least to the level of requiring minimum contacts with the new forum, for plaintiff[s]." *Murray v. Scott,* 176 F. Supp. 2d 1249,

ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER OR COMPEL ARBITRATION

- 7

1255 (M.D. Ala. 2001); *see also F.T.C. v. Watson Pharm., Inc.*, 611 F. Supp. 2d 1081, 1090 (C.D. Cal. 2009).[3] Accordingly, this action "might have been brought" in the Southern District of Florida.

### 2. Additional Considerations Weigh in Favor of Transfer

Even if the threshold factors of the first-to-file rule are met, a court may refuse to apply the rule based on considerations of fairness and convenience. *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097-98 (N.D. Cal. 2006). Plaintiffs argue that the fact that the *Osterer* proceedings are stayed pending arbitration is a "significant consideration" weighing against transfer. Pls.' Resp. at 8. Plaintiffs contend that, if this case is transferred, "the resolution of both matters would likely be further postponed to the detriment of all plaintiffs." *Id.* However, the fact that the first-filed action has been stayed does not preclude transfer under the first-to-file rule. *See Alltrade*, 946 F.2d at 628 ("The most basic aspect of the first-to-file rule is that it is discretionary . . . ."). And this Court is not persuaded that the stay in the *Osterer* proceedings is a significant consideration weighing against transfer here.

Notably, it is not apparent that transferring this action would delay its resolution or resolution of *Osterer*. If anything, that the *Osterer* court has compelled arbitration and stayed those proceedings makes it unlikely that transferring this case will delay *Osterer*. Moreover, transferring this action to the Southern District of Florida would further the first-to-file rule's purpose of promoting efficiency and avoiding duplicative litigation because the Southern District of Florida has already addressed the merits of the arbitrability issue. *See Church of Scientology*, 611 F.2d at 750; *Pars Equality Ctr. v. Pompeo*, No. C18-1122, 2018 WL 6523135, at *7 (W.D. Wash. Dec. 12,

---

[3] This Court recognizes that the *Osterer* court has not addressed whether it has personal jurisdiction over the defendants in that action. *See Osterer* Or. Granting Stip. at 3, Dkt. No. 39; *Osterer* Arb. Or.

ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER OR COMPEL ARBITRATION
- 8

2018) ("To allow two parallel class actions to proceed in separate districts would be duplicative and inefficient."). Thus, transfer of this action to the Southern District of Florida is warranted under the first-to-file rule.

## V.     CONCLUSION

For the foregoing reasons:

1. Defendants' Motion to Transfer Pursuant to the First-to-File Rule or Compel Arbitration (Dkt. No. 67) is GRANTED.

2. This case is hereby TRANSFERRED to the United States District Court for the Southern District of Florida.

DATED this 21st Day of April 2025.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER OR COMPEL ARBITRATION

- 9